**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2783
_____

HUI ZHENG,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(A099-928-034)
Immigration Judge: Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2011

Before: FUENTES, VANASKIE and NYGAARD, Circuit Judges

(Opinion filed:  April 4, 2011)
_____

OPINION
_____

PER CURIAM.

Hui Zheng, a native and citizen of China, entered the United States in 2006

without being admitted or paroled.  He applied for asylum, withholding of removal, and

Convention Against Torture ("CAT") relief based on a claim that his wife had been

forced in 2003 to undergo an abortion in China.  Zheng conceded his removability, and

1

an Immigration Judge ("IJ") rejected his applications for relief from removal. On November 9, 2009, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision and dismissed Zheng's appeal.

Zheng did not petition for review of the BIA's final removal order. Instead, he filed a "motion to reconsider and remand." The BIA construed the filing as a timely motion to reopen and denied it. It explained that, while Zheng's initial claim for relief was predicated on China's population control policies, he now claims that he began practicing Falun Gong in October 2008, and that he fears future harm in China for this reason. Zheng submitted statements from himself and his sister-in-law in support of his new claim, but the BIA found the statements "notable for their vagueness and lack of relevant detail." Further, while Zheng alleged that he had allowed an unidentified friend of his wife who practiced Falun Gong to hide in their home in China at some unspecified time in the past, the BIA observed that Zheng made no such allegation previously, and he provided no evidence to corroborate the claim. Moreover, the BIA noted that Zheng failed to submit any evidence, aside from his sister-in-law's generalized and brief statement, to support his claim that he is a Falun Gong practitioner, and no evidence that anyone in China is aware of his new found practice or would have the interest and means to cause him harm. Concluding that Zheng failed to show the materiality of his claim, the BIA refused to reopen the case. Zheng timely filed a petition for review in this Court.

We have jurisdiction under 8 U.S.C. § 1252(a)(1), limited to a review of the order

denying Zheng's motion to reopen.[1]  "As a general rule, motions to reopen are granted only under compelling circumstances."  Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004).  Our review of the denial of such a motion is for abuse of discretion, "mindful of the 'broad' deference that the Supreme Court would have us afford."  Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001).  We will not disturb the BIA's decision unless Zheng shows that it was arbitrary, irrational, or contrary to law.  See Shardar v. Att'y Gen., 503 F.3d 308, 311 (3d Cir. 2007).

An alien pursuing a motion to reopen bears the burden to show that the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  8 C.F.R. § 1003.2(c)(1).  "The BIA may deny a motion to reopen if it determines that (1) the alien has not established a prima facie case for the relief sought; (2) the alien has not introduced previously unavailable, material evidence; or (3) in the case of discretionary relief (such as asylum), the alien would not be entitled to relief even if the motion was granted."  Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010) (quotation marks omitted).

Zheng argues that the BIA erred in failing to give sufficient weight to his and his sister-in-law's statements.  He contends that the BIA should have accepted the allegations in those statements as true for purposes of ruling on whether to reopen, and had the BIA done so, it would have concluded that Zheng states a prima facie case of his eligibility for relief from removal.  We discern no error.

---

[1] Zheng does not take issue with the BIA's decision to construe his filing as a motion to reopen.

To establish a prima facie case, an alien must produce objective evidence showing a reasonable likelihood that he can prove an entitlement to relief from removal. Shardar, 503 F.3d at 313. "For an asylum claim, this means merely showing a realistic chance that the petitioner can at a later time establish that asylum should be granted." Id. (quotation marks omitted).

It can be assumed from the factual allegations in Zheng and his sister-in-law's statements that Zheng may be able to show that he is now a practitioner of Falun Gong, and that he fears returning to China for that reason. But to be eligible for asylum, Zheng would need to establish a "well-founded" fear of persecution, a showing that requires not only evidence of his genuine subjective fear that he would be persecuted, but also an objective showing that "a reasonable person in the alien's circumstances would fear persecution if returned to the country in question." Wong v. Att'y Gen., 539 F.3d 225, 232 (3d Cir. 2008) (quotation marks omitted). The objective standard is satisfied either by showing that the alien would be individually singled out for persecution, or that there is a pattern or practice of persecution on a protected ground of a group of persons similarly situated to the alien. Id.

Zheng's motion to reopen is not supported by evidence suggesting that he can make an objective showing of a well-founded fear. As the BIA noted, Zheng does not claim that anyone in China is aware of his newly adopted Falun Gong practice or would have the interest and means to single him out for harm. In addition, while Zheng refers in his brief to "the Chinese government's undisputed record of persecuting Falun Gong practitioners," Petitioners' Br. at 9, evidence of that "undisputed record" is not attached

4

to the motion to reopen, and it cannot be found in the record before this Court.

Other than his and his sister-in-law's statements, Zheng attached to the motion to reopen copies of four documents dated in 2003 and 2004. These documents, which have the appearance of press releases, reflect that they were produced by the "Falun Data Information Center" and posted on the "faluninfo.net" website. Zheng points to two statements from these documents as "objective" evidence that he should fear persecution in China. First, a document dated April 4, 2003, makes reference to the 2002 State Department Human Rights Report on China. This document notes that the 2002 Report "highlighted the widespread practice of torturing Falun Gong practitioners in police custody." JA at 30; Petitioner's Br. at 12. Second, Zheng points to a statement in the same April 4, 2003, document that "[s]ystematic, state-ordered forceful denial of freedom of belief, peaceful assembly and association for Falun Gong practitioners remained severe in China, as the U.S. report indicated." JA at 32; Petitioners' Br. at 12.

This evidence is inadequate for several reasons. First, the statements that Zheng cites are purportedly based on a Country Report from 2002. Zheng filed his motion to reopen seven years later, in 2009. It is not unreasonable to expect that an alien seeking to reopen his case based on a fear of future persecution would support his motion with current information about conditions in the country at issue. Second, even if statements from the outdated 2002 Report are to be considered, Zheng failed to attach a copy of the Report itself to the motion to reopen; what he presents are mere second-hand accounts of what might, or might not, be reflected in the 2002 Report. Third, the statement that there is torture in China of Falun Gong practitioners "in police custody" is immaterial because

5

Zheng has not supported his motion with any objective evidence suggesting that he might be taken into police custody. Fourth, the statement that there is "systematic, state-ordered forceful denial of freedom of belief, peaceful assembly and association for Falun Gong practitioners" is conclusory and vague, and it does not indicate that Falun Gong practitioners are subjected to treatment rising to the level of persecution or torture.

We have explained that an alien may demonstrate an objective basis for a well-founded fear "by documentary or expert evidence about the conditions in a given country." Lusingo v. Gonzales, 420 F.3d 193, 199 (3d Cir. 2005). Zheng offered the BIA no such evidence. The BIA, therefore, did not act arbitrarily, irrationally, or contrary to law in concluding that the evidence Zheng submitted was not "material," 8 C.F.R. § 1003.2(c)(1), and it is clear that Zheng did not establish prima facie eligibility for relief from removal based on his Falun Gong practice. It follows that the BIA did not abuse its discretion in denying the motion to reopen. See Huang, 620 F.3d at 389-90.

We have considered Zheng's remaining arguments but conclude that they are without merit. We will deny the petition for review.